tinuing course of conduct, but to proscribe a series of acts committed while dealing in drugs with a separate punishment for each," 1 Ohio App. 3d 65, 66–67, 439 N. E. 2d 452, 454 (1981), the court perceived no double jeopardy barrier to the second prosecution. The Ohio Supreme Court denied petitioner leave to appeal.

I would grant the petition for certiorari and reverse the judgment of the Court of Appeals. I adhere to the view that the Double Jeopardy Clause of the Fifth Amendment, applied to the States through the Fourteenth Amendment, requires that, except in extremely limited circumstances, not present here, "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction" be prosecuted in a single proceeding. *Ashe* v. *Swenson*, 397 U. S. 436, 453–454, and n. 7 (1970) (BRENNAN, J., concurring). See *Thompson* v. *Oklahoma*, 429 U. S. 1053 (1977) (BRENNAN, J., dissenting), and cases collected therein. Although the legislature may be free to divide a continuing course of conduct into a number of discrete crimes, each distinctly punishable, in my view the State was not free to subject petitioner to successive trials on charges growing out of this one criminal transaction.

No. 81–5425. PIERCE *v.* VOLKSWAGEN OF AMERICA, INC. Sup. Ct. Ind. Certiorari denied. JUSTICE O'CONNOR took no part in the consideration or decision of this petition.

No. 80–6757. MCCOLPIN *v.* ATKINS, *ante,* p. 911. Petition for rehearing denied.

No. 80–2166. TABEROFF *v.* FARMERS GROUP, INC., ET AL., *ante,* p. 836;
    No. 80–6544. JOHNSON *v.* LOUISIANA, *ante,* p. 840;
    No. 80–6826. IN RE MCKNIGHT, *ante,* p. 811; and
    No. 80–6862. ROYSE *v.* WASHINGTON ET AL., *ante,* p. 853. Petitions for rehearing denied. JUSTICE O'CONNOR took no part in the consideration or decision of these petitions.